JS 44 (Rev. 07/16)

**CIVIL COVER SHEET**

17cv.1042

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
SSC MANAGER, LLC, d/b/a SeventySix Capital, a Delaware limited liability company

**(b)** County of Residence of First Listed Plaintiff  **Delaware County, PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Harvey Bartle, IV, Marc Sonnenfeld, Karl Schweitzer, Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia, PA 19103-2921, (215) 963-5000

### DEFENDANTS
VENEZIA FC 1907 LP; VENEZIA FC 1907 GP; and VENEZIA F.C. S.R.L.D.

County of Residence of First Listed Defendant  **Cayman Islands**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2201, 28 U.S.C. §1332(a)
Brief description of cause:
Action for declaratory judgment that Plaintiff has no obligation, contractual or otherwise, to invest in, or provide money to, Defendants

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☒ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
03/08/2017

SIGNATURE OF ATTORNEY OF RECORD
HARVEY BARTLE, IV

MAR - 8 2017

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

SSC MANAGER, LLC, d/b/a SeventySix Capital, a Delaware limited liability company,

    *Plaintiff,*

    v.

VENEZIA FC 1907 LP, a Cayman Islands Exempted Limited Partnership; VENEZIA FC 1907 GP, a Cayman Islands corporation; and VENEZIA F.C. S.R.L.D., an Italian corporation,

    *Defendants.*

CIVIL ACTION NO. _____   17  1042

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus - Cases brought under 28 U.S.C. §2241 through §2255. ☐

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ☐

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ☐

(d) Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos. ☐

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ☐

(f) Standard Management – Cases that do not fall into any one of the other tracks. ☒

March 8, 2017
Date      *Attorney-at-Law*      SSC MANAGER, LLC, d/b/a SeventySix Capital
                                    *Attorney For*

(215) 963-5000      (215) 963-5001      harvey.bartle@morganlewis.com    MAR - 8 2017
Telephone      Fax      Email Address

(Civ. 660)

# UNITED STATES DISTRICT COURT

17  1042

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: SSC MANAGER, LLC, d/b/a SeventySix Capital, 100 Matsonford Rd Building 5, Suite 555, Radnor, PA 19087

Address of Defendant: P.O. Box 1043, 69 Dr. Roy's Drive George Town, Grand Cayman KY1-1102; Viale Ancona 43 - 30172 Mestre (VE) Italy

Place of Accident, Incident or Transaction: Radnor Township, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

   Yes☐   No☒

CIVIL: (Place __ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases

B. *Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

MAR - 8 2017

(Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, __Harvey Bartle, IV_____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: __March 8, 2017_____      _____

                                                                                         (Pa. ID No. 91566)

                                    Attorney-at-Law                                          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __March 8, 2017_____      _____

                                                                                         (Pa. ID No. 91566)

                                    Attorney-at-Law                                          Attorney I.D.#

CIV. 609 (6/08)

Harvey Bartle, IV (Pa. ID No. 91566)
Marc Sonnenfeld (Pa. ID No. 17210)
Karl Schweitzer (Pa. ID No. 312028)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
215.963.5000 (phone)
215.963.5299 (fax)
harvey.bartle@morganlewis.com
marc.sonnenfeld@morganlewis.com
karl.schweitzer@morganlewis.com

*Attorneys for Plaintiff SSC MANAGER, LLC, d/b/a SeventySix Capital*

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SSC MANAGER, LLC, d/b/a SeventySix Capital, a Delaware limited liability company, *Plaintiff,* <br><br> v. <br><br> VENEZIA FC 1907 LP, a Cayman Islands Exempted Limited Partnership; VENEZIA FC 1907 GP, a Cayman Islands corporation; and VENEZIA F.C. S.R.L.D., an Italian corporation, <br><br> *Defendants.* | Civil Action No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff SSC Manager, LLC, d/b/a "SeventySix Capital" ("SSC") for its complaint, upon knowledge as to its own acts and information and belief as to the acts of all others, alleges as follows:

### NATURE OF THIS ACTION

1. This is an action for declaratory judgment, pursuant to 28 U.S.C. § 2201, against defendants Venezia FC 1907 LP ("Venezia LP"), Venezia FC 1907 GP ("Venezia GP"), and Venezia F.C. S.r.l.d. ("Venezia FC") (collectively the "VFC Parties") that SSC has no obligation,

1

contractual or otherwise, to invest in Venezia FC, an Italian professional football club, or to loan or otherwise provide any money to the VFC Parties.

2. SSC never entered into any agreement, written or oral, with any of the VFC Parties, or any individual representing those entities, to invest in Venezia FC or to provide any money to the VFC Parties. Nor did SSC ever promise to invest in Venezia FC or to provide any money to the VFC Parties.

3. For a short period of time in late 2016 and early 2017, and in the normal course of its business as a venture capital firm, SSC conducted due diligence on the possibility of raising capital for and making an investment in Venezia FC. After conducting due diligence on Venezia FC, SSC determined that Venezia FC was not an appropriate investment, and declined the opportunity to invest. When the VFC Parties requested a loan from SSC to fund Venezia FC's operations, SSC also declined to provide a loan.

4. On March 3, 2017, SSC received a letter from an attorney representing the VFC Parties threatening to file a lawsuit against SSC unless SSC immediately paid $3 million to the VFC Parties in exchange for a mutual release. Among other things the March 3, 2017 letter from the VFC Parties threatened that the lawsuit would seek damages in excess of $30 million and would result in "very negative media attention" for SSC and its members.

5. SSC therefore seeks declarations from this Court that it has no obligation, contractual or otherwise, to invest in Venezia FC, an Italian professional football club, or to provide any money to the VFC Parties.

## *JURISDICTION*

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between a citizen of Pennsylvania and citizens of foreign states.

7. This Court has personal jurisdiction over the VFC Parties because they have subjected themselves to and availed themselves of the jurisdiction of this Court by transacting business in this jurisdiction and personally targeted their activities to and solicited business in this judicial district and the claims herein arise out of that activity.

## *VENUE*

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (c)(3) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and the defendants are not residents of the United States.

## *PARTIES*

9. SSC is a limited liability company organized and existing under the laws of the State of Delaware. At all times pertinent to this complaint, SSC had its principal place of business in Radnor Township, Delaware County, Pennsylvania, in this judicial district. SSC is a venture capital firm that primarily invests in, and raises money for investments in, start-up companies.

10. On information and belief, defendant Venezia LP is a Cayman Islands Exempted Limited Partnership. On information and belief, Venezia LP maintains its registered office in the Cayman Islands, and is the sole owner of Venezia FC.

3

11. On information and belief, defendant Venezia GP is a company incorporated under the laws of the Cayman Islands. On information and belief, Venezia GP is the General Partner of Venenzia LP.

12. On information and belief, defendant Venezia FC is company incorporated under the laws of Italy, with its principal place of business in Venice, Italy. On information and belief, Venezia FC is a professional football organization that presently competes in the Lega Pro, an Italian professional soccer league.

### *SSC NEVER AGREED TO INVEST IN VENEZIA F.C.*

13. Beginning in October 2016 through February 2017, representatives of SSC and the VFC Parties engaged in discussions regarding a potential investment by SSC of $6.5 million in exchange for an equity stake in Venezia FC.

14. Those discussions included an in-person meeting in November 2016 between SSC and its members, and representatives of the VFC Parties at SSC's office in Radnor Township, Pennsylvania. That meeting in Radnor Township was the only meeting during which all of the members of SSC met in-person and jointly communicated with representatives of the VFC Parties.

15. As part of the discussions, representatives of the VFC Parties communicated with representatives of SSC located in Radnor Township, Pennsylvania and disclosed information to representatives of SSC in Radnor Township, Pennsylvania. The information disclosed by the VFC Parties included certain past financial statements and corporate information regarding Venezia FC. There also was a meeting between certain of the parties' representatives in New York, New York.

16. As part of its due diligence into a potential investment in Venezia FC, representatives of SSC traveled in late January 2017 from this judicial district to Venice, Italy to inspect Venezia FC's facilities and operations, conduct due diligence on a purported Venezia FC stadium project, watch a Venezia FC match, and meet with representatives from the VFC Parties to further discuss SSC's potential investment in Venezia FC.

17. Subsequent to the meeting in Venice and as part of its continuing due diligence investigation, in February 2017, SSC repeatedly requested updated financial information and cash flow statements from the VFC Parties.

18. On February 16, 2017, the VFC parties for the first time provided to SSC a draft written partnership agreement and a proposed term sheet for a potential investment in Venezia FC. The term sheet, which was dated January 17, 2017, stated that "No prospective investor will have legally binding obligations until we [Venezia LP] have negotiated and signed definitive written agreements with such prospective investor." The term sheet included a signature line on behalf of Venezia LP.

19. Neither the term sheet, nor any of the other written agreements provided on February 16, 2017 were ever discussed, negotiated or signed by SSC and Venezia LP, or any individuals acting on their behalf. The parties also did not discuss, negotiate or execute any confidentiality agreements, non-disclosure agreements, or exclusivity agreements related to SSC's due diligence into a potential investment in Venezia FC, and/or discussions with the VFC Parties.

20. The parties continued to engage in discussions regarding SSC's potential investment in Venezia FC. SSC, with the knowledge and consent of representatives of the VFC Parties, also explored obtaining additional investors to invest in Venezia FC.

21. On a February 22, 2017 telephone call, representatives of the VFC Parties requested that SSC invest $1 million within 48 hours. When SSC declined this request, the VFC Parties requested that SSC provide a loan ranging from $1 million to $300,000 to the VFC Parties.

22. At the end of February 2017, SSC informed representatives of the VFC Parties that it would not invest in Venezia FC or provide a loan or funding for the operations of Venezia FC.

23. On March 1, 2017, a representative of the VFC Parties requested that SSC provide Venezia FC with a $2 million "short term low interest bridge loan" and threatened litigation if that funding did not take place.

24. On March 3, 2017, a lawyer representing the VFC Parties stated that unless SSC provided $3 million to the VFC Parties, the VFC Parties would initiate litigation against SSC.

25. In sum, despite several months of due diligence, meetings, and communications between the parties, many which took place in Radnor Township, Pennsylvania, neither SSC, nor any individual acting on its behalf, ever entered into any agreement to exclusively negotiate an investment in Venezia FC, invest in any of the VFC Parties, or provide any loan or other money to the VFC Parties to fund the operations of Venezia FC. Nor did SSC or any individual acting on its behalf promise to invest in any of the VFC Parties or provide any money to the VFC Parties. SSC decided not to invest in Venezia FC because, in its view, it was not an appropriate investment.

### Count I
### Declaratory Judgment

26. Plaintiff repeats and realleges paragraphs 1 through 25 as if fully set forth herein.

27. Pursuant to 28 U.S.C. § 2201(a), SSC seeks the following declarations as to the rights and legal relations between SSC and the VFC Parties, and each of them:

 A. That SSC never entered into any agreement to invest in Venezia FC;

 B. That SSC never entered into any agreement to provide any loan to fund the operations of Venezia FC;

 C. That SSC has no obligation, contractual or otherwise, to invest in any of the VFC Parties; and

 D. That SSC has no obligation, contractual or otherwise, to provide any money to the VFC Parties.

### *Prayer for Relief*

WHEREFORE, Plaintiff prays for relief as follows:

 A. A judgment declaring that SSC never entered into any agreement to invest in Venezia FC;

 B. A judgment declaring that SSC never entered into any agreement to provide any loan to fund the operations of Venezia FC;

 C. A judgment declaring that SSC has no obligation, contractual or otherwise, to invest in any of the VFC Parties;

 D. A judgment declaring that SSC has no obligation, contractual or otherwise, to provide any money to the VFC Parties;

 E. Such orders, including injunctive relief, as are necessary to effectuate this Prayer for Relief or to preserve this Court's jurisdiction over the parties and issues herein; and

 F. Such other and further relief as this Court deems just and proper.

DATED:   March 8, 2016                Respectfully submitted,

                                              **MORGAN, LEWIS & BOCKIUS LLP**

                                              Harvey Bartle, IV (Pa. ID No. 91566)
                                              Marc Sonnenfeld (Pa. ID No. 17210)
                                              Karl Schweitzer (Pa. ID No. 312028)
                                              1701 Market Street
                                              Philadelphia, Pennsylvania 19103-2921
                                              (215) 963-5000
                                              (215) 963-5001 (facsimile)
                                              harvey.bartle@morganlewis.com
                                              marc.sonnenfeld@morganlewis.com
                                              karl.schweitzer@morganlewis.com

                                              *Attorneys for Plaintiff SSC MANAGER, LLC, d/b/a*
                                              *SeventySix Capital*